OPINION OF THE COURT
Irving Lang, J.
In criminal trials the District Attorney is required to make an opening statement to the jury outlining the evidence he intends to introduce to support the charges against the defendant. Traditionally, as part of the opening, the prosecutor reads the accusatory instrument to the jury.
Since it is traditional, that practice is rarely the subject of objection by defense counsel. Traditional or not, that practice is legally improper in most misdemeanor trials.
The vast majority of misdemeanor cases are prosecuted by informations or misdemeanor complaints converted to informations by means of supporting deposition.
Reading those documents to a jury constitutes error. The reason for this stems from the nature of these instruments.
An “information”- is a verified written accusation filed with a criminal court charging a person with a nonfelony offense. (CPL 100.10.) The information must contain an accusatory part and a factual part. The factual part must contain a statement alleging facts of a nonhearsay evidentiary nature to support the charge (CPL 100.15, subds 2, 3; 100.40).
*312 A misdemeanor complaint contains allegations of a hearsay nature which cannot form the basis of a prosecution unless converted to an information by supporting deposition (CPL 100.20).
Thus, in the case of an information the prosecutor is basically reading a prior sworn statement of a witness to the jury. In the case of a complaint converted to an information the prosecutor is reading a prior sworn statement containing hearsay to the jury.
Clearly, this practice is inappropriate. Simply stated, a prosecutor cannot elicit in his opening statement matters which he would not be able to prove at the trial on his direct case. A prosecutor could not introduce a prior sworn statement of a witness to bolster his case on direct nor could he bring out hearsay statements for that purpose.
If a prosecutor desires to read an accusatory instrument to the jury on his opening, he can substitute a “prosecutor’s information” for the information prior to trial (CPL 100.50, subd 1). The prosecutor’s information, like an indictment, is essentially a neutral document which statutorily requires a factual statement “without allegations of an evidentiary nature” (CPL 200.50, 100.35; emphasis added).
The fact that prosecutors have customarily read informations to a jury without objection does not make the practice correct. Time-honored traditions do not gain respectability if they are illegal.
Accordingly, the defendant’s motion to preclude the District Attorney from reading the information to the jury in the instant case is granted.